# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMY ROYCE JOHNSON,<br><br>      Plaintiff,<br><br>  v.<br><br>ALVIDREZ, et. al.,<br><br>      Defendants.<br>_____/ | CV F  04 5779 AWI SMS P<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND (Doc. 1.)<br><br>ORDER DIRECTING CLERK OF COURT TO SEND PLAINTIFF BLANK CIVIL RIGHTS FORM |

Jimmy Royce Johnson ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.  Plaintiff filed the instant action on May 28, 2004, alleging that certain individuals violated his Eighth Amendment right by physically hitting and kicking him.  Plaintiff names J. Alvidrez, W. Childers, T. Mosley, W. Kirby, G. Hensley, and T Wilson, all Correctional Officers at Wasco State Prison as Defendants.  Plaintiff is seeking compensatory damages.

**A.  SCREENING REQUIREMENT**

    The court is required to screen complaints brought by prisoners seeking relief against a

1

governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), *citing* Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

**B. SUMMARY OF COMPLAINT**

Plaintiff alleges that on January 13, 2004, Defendant Wilson opened his cell door and Defendants Alvidrez and Childers entered his cell and assaulted Plaintiff by hitting him with closed fist. Defendants Kirby, Mosley and Hensley arrived seconds later, handcuffed Plaintiff and placed him in leg irons and then began to kick him violently in the head and body. Defendants Kirby and Mosley pushed Plaintiff out of his cell and again hit him numerous times in the face. Plaintiff states he was given five stitches above his eye, a blackeye, fractured jaw, broken foot and multiple abrasions all over his body as a result of the attack. Plaintiff alleges the attack was the result of a conspiracy among the Defendants. As noted above, Plaintiff is seeking compensatory damages.

**C. CLAIMS FOR RELIEF**

*1. Linkage Requirement*

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under section 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

   *2. Eighth Amendment Claim - Excessive Force*

"Whenever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishment Clause [of the Eighth Amendment], the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 7 (1992) (citing Whitley v. Albers, 475 U.S. 312, 320-21 (1986)). "In determining whether the use of force was wanton and unnecessary, it may also be proper to evaluate the need for application of force, the relationship between the need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.'" Hudson, 503 U.S. at 7. "The absence of serious injury is . . . relevant to the Eighth Amendment inquiry, but does not end it." Id.

   Not "every malevolent touch by a prison guard gives rise to a federal cause of action. Id. at 9. "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's

chambers, violates a prisoner's constitutional rights." Id. (citing Johnson v. Glick, 481 F.2d 1028, 1033 (2nd Cir. 1973) (cert. denied sub nom. Johnson, 414 U.S. 1033 (1973)). "The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" Id. at 9-10.

Plaintiff's allegations are sufficient to give rise to a claim for relief under section 1983 against Defendants Alvidrez, Childers, Kirby, Mosley and Hensley for use of excessive force. Fed.R.Civ.P. 8; Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512-15, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002); Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir.2004); Jackson v. Carey, 353 F.3d 750, 754 (9th Cir.2003); Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125-26 (9th Cir.2002)  However, Plaintiff does not allege sufficient facts to state a claim for relief against Defendant Wilson.

*2. Conspiracy*

In the context of conspiracy claims brought pursuant to Section 1983, such a complaint must "allege [some] facts to support the existence of a conspiracy among the defendants." Buckey v. County of Los Angeles, 968 F.2d 791, 794 (9th Cir. 1992); Karim-Panahi v. Los Angeles Police Department, 839 F.2d 621, 626 (9th Cir. 1988).  Plaintiff must allege that defendants conspired or acted jointly in concert and that some overt act was done in furtherance of the conspiracy.  Sykes v. State of California, 497 F.2d 197, 200 (9th Cir. 1974).

Plaintiff's contention that the above named individuals conspired to harm him is conclusory and alone is insufficient to state a claim for relief for conspiracy.  Plaintiff must allege facts supporting the existence of a conspiracy between defendants to violate his constitutional rights.  Accordingly, Plaintiff fails to state a conspiracy claim against any of the named Defendants.

**D.  CONCLUSION**

The Court finds Plaintiff's Complaint states a cognizable Eighth Amendment claim against Defendants Alvidrez, Childers, Kirby, Mosley and Hensley for excessive force. However, Plaintiff's Complaint does not contain any other cognizable claims for relief.  As such,

the Court will grant Plaintiff the opportunity to file an Amended Complaint to cure the deficiencies, or, in the alternative, notify the Court in writing whether Plaintiff intends to proceed directly with those claims found to be cognizable. Plaintiff should note that Local Rule 15-220 requires that an Amended Complaint be complete in itself without reference to prior pleadings.

In the event Plaintiff wishes to proceed on the cognizable claims, the Court will issue Findings and Recommendations to dismiss those claims not cognizable. The Court will then forward Plaintiff a summons and USM-285 form to fill out and return to the Court in order to effect service on the defendants. Upon the return of these forms, the Court will direct the US Marshal to initiate service of process on defendants.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk of Court is DIRECTED to SEND Plaintiff a blank civil rights complaint form;

2. The Complaint is DISMISSED with leave to amend. Within THIRTY (30) days from the date of service of this order, Plaintiff SHALL either:

   a. File an Amended Complaint curing the deficiencies identified by the Court in this Order, or

   b. Notify the Court in writing that he does not wish to file an Amended Complaint and instead wishes to proceed on the cognizable claims for relief set forth in this Order.

Plaintiff is forewarned that his failure to comply with this Order may result in a Recommendation that the Complaint be dismissed pursuant to Local Rule 11-110.

IT IS SO ORDERED.

**Dated:   November 10, 2005**          /s/ Sandra M. Snyder
icido3                                                   UNITED STATES MAGISTRATE JUDGE