| | |
|---|---|
| 1 | |
| 2 | |
| ... | |

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMY ROYCE JOHNSON,       | CV F   04 5779 AWI SMS P |
|     Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATION TO DISMISS CERTAIN CLAIMS AND DEFENDANTS FROM ACTION (Doc. 1.) |
| ALVIDREZ, et. al., | |
|     Defendants. | |

Jimmy Royce Johnson ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed the instant action on May 28, 2004, alleging that certain individuals violated his Eighth Amendment right by physically hitting and kicking him. Plaintiff names J. Alvidrez, W. Childers, T. Mosley, W. Kirby, G. Hensley, and T Wilson, all Correctional Officers at Wasco State Prison as Defendants. The Complaint seeks compensatory damages.

On November 14, 2005, the Court issued an Order dismissing the Complaint with leave to amend. On November 28, 2005, November 30, 2005, and December 7, 2005, Plaintiff informed

the Court that he did not wish to file an Amended Complaint but instead wished to proceed on those claims found to be cognizable by the Court. Pursuant to this request, the Court now issues these Findings and Recommendation to the District Court.

**A. SCREENING REQUIREMENT**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), *citing* Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

**B. SUMMARY OF COMPLAINT**

Plaintiff alleges that on January 13, 2004, Defendant Wilson opened his cell door and Defendants Alvidrez and Childers entered his cell and assaulted Plaintiff by hitting him with closed fist. Defendants Kirby, Mosley and Hensley arrived seconds later, handcuffed Plaintiff and placed him in leg irons and then began to kick him violently in the head and body. Defendants Kirby and Mosley pushed Plaintiff out of his cell and again hit him numerous times in the face. Plaintiff states he was given five stitches above his eye, a blackeye, fractured jaw,

broken foot and multiple abrasions all over his body as a result of the attack. Plaintiff alleges the attack was the result of a conspiracy among the Defendants. As noted above, Plaintiff is seeking compensatory damages.

**C. CLAIMS FOR RELIEF**

*1. Linkage Requirement*

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under section 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

*2. Eighth Amendment Claim - Excessive Force*

"Whenever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishment Clause [of the Eighth Amendment], the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 7 (1992) (citing Whitley v. Albers, 475 U.S. 312, 320-21 (1986)). "In determining whether the use of force was wanton and unnecessary, it may also be proper to evaluate the need for application of force, the relationship between the need and the amount of force used, the threat 'reasonably perceived by

3

the responsible officials,' and 'any efforts made to temper the severity of a forceful response.'" Hudson, 503 U.S. at 7. "The absence of serious injury is . . . relevant to the Eighth Amendment inquiry, but does not end it." Id.

Not "every malevolent touch by a prison guard gives rise to a federal cause of action. Id. at 9. "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights." Id. (citing Johnson v. Glick, 481 F.2d 1028, 1033 (2nd Cir. 1973) (cert. denied sub nom. Johnson, 414 U.S. 1033 (1973)). "The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" Id. at 9-10.

Plaintiff's allegations are sufficient to give rise to a claim for relief under section 1983 against Defendants Alvidrez, Childers, Kirby, Mosley and Hensley for use of excessive force. Fed.R.Civ.P. 8; Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512-15, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002); Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir.2004); Jackson v. Carey, 353 F.3d 750, 754 (9th Cir.2003); Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125-26 (9th Cir.2002)  However, Plaintiff does not allege sufficient facts to state a claim for relief against Defendant Wilson.

*2. Conspiracy*

In the context of conspiracy claims brought pursuant to Section 1983, such a complaint must "allege [some] facts to support the existence of a conspiracy among the defendants." Buckey v. County of Los Angeles, 968 F.2d 791, 794 (9th Cir. 1992); Karim-Panahi v. Los Angeles Police Department, 839 F.2d 621, 626 (9th Cir. 1988).  Plaintiff must allege that defendants conspired or acted jointly in concert and that some overt act was done in furtherance of the conspiracy.  Sykes v. State of California, 497 F.2d 197, 200 (9th Cir. 1974).

Plaintiff's contention that the above named individuals conspired to harm him is conclusory and alone is insufficient to state a claim for relief for conspiracy.  Plaintiff must allege facts supporting the existence of a conspiracy between defendants to violate his constitutional rights.  Accordingly, Plaintiff fails to state a conspiracy claim against any of the named

4

Defendants.

**D.  RECOMMENDATION**

Accordingly, the Court RECOMMENDS that the action proceed on the Eighth Amendment claim against Defendants Alvidrez, Childers, Kirby, Mosley and Hensley for excessive force and that all remaining claims and defendants be DISMISSED from the action.

The Court HEREBY ORDERS that these Findings and Recommendations be submitted to the United States District Court Judge assigned to this action pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within THIRTY (30) days after being served with a copy of these Findings and Recommendations, any party may file written Objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the Objections shall be served and filed within TEN (10) court days (plus three days if served by mail) after service of the Objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file Objections within the specified time may waive the right to appeal the Order of the District Court.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   December 15, 2005**             /s/ Sandra M. Snyder
icido3                                                       UNITED STATES MAGISTRATE JUDGE