# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMY ROYCE JOHNSON, | CV F 04 05779 AWI SMS P |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS REGARDING THE DEFENDANTS MOTION TO DISMISS (Doc. 43) |
| v. | |
| ALVIDREZ, et. al., | |
| Defendants. / | |

## A. INTRODUCTION

Jimmy Royce Johnson ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed his original Complaint on May 28, 2004, for conspiracy and excessive force against Defendants J. Alvidrez, W. Childers, W. Kirby, T. Wilson, T. Mosley, and G. Hensley. The Court found that Plaintiff made a cognizable claim against Defendants J. Alvidrez, W. Childers, W. Kirby, T. Mosley, and G. Hensley, but not T. Wilson, for excessive force. The Court found Plaintiff did not state a claim for relief in alleging a conspiracy by Defendants. Thus, on November 14, 2005, the Court dismissed Plaintiff's original Complaint with leave to amend to cure those deficiencies.

Plaintiff informed the Court on November 28, 2005, November 30, 2005, and December 7, 2005, that he did not want to file an Amended Complaint, but instead wished to proceed on those claims found to be cognizable by the Court. The Court made a recommendation on December 12, 2005, that the conspiracy claim be dismissed. On

1 February, 15, 2005, the District Court adopted the recommendation and dismissed the conspiracy
2 claim.  Defendants filed a Motion to Dismiss on May 19, 2006, for failure to exhaust the
3 administrative remedies in compliance with 42 U.S.C. § 1997e(a).  Plaintiff filed an Opposition
4 to Defendants Motion on June 1, 2006.

**B.  UNENUMERATED 12(B) MOTION TO DISMISS - EXHAUSTION**

Pursuant to the Prison Litigation Reform Act (PLRA) of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  The section 1997e(a) exhaustion requirement applies to all prisoner suits relating to prison life.  Porter v. Nussle, 435 U.S. 516, 532 (2002).  Prisoners must complete the prison's administrative process, regardless of the relief sought by the prisoner and the relief offered by the process, as long as the administrative process can provide some sort of relief on the complaint stated.  Booth v. Churner, 532 U.S. 731, 741 (2001).  "All 'available' remedies must now be exhausted; those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'"  Porter, 534 U.S. at 524 (citing to Booth, 532 U.S. at 739 n.5).  Exhaustion must occur prior to filing suit.  McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).

The California Department of Corrections has an administrative grievance system for prisoner complaints.  Cal. Code Regs., tit. 15 § 3084, et seq.  "Any inmate or parolee under the department's jurisdiction may appeal any departmental decision, action, condition, or policy which they can reasonably demonstrate as having an adverse effect upon their welfare."  Id. at 3084.1(a).  Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level."  Cal. Code Regs. tit. 15, § 3084.5 (2004).

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense under which Defendants have the burden of raising and proving the absence of exhaustion.  Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003).  Based on the general principle that summary judgment is on the merits while dismissal of an action for failure to

exhaust is not on the merits, the failure to exhaust non-judicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion rather than a summary judgment motion. Wyatt, 315 F.3d at 1119 (citations omitted); Fed. R. Civ. P. 12(b). In deciding a motion to dismiss for failure to exhaust administrative remedies, the Court may look beyond the pleadings and decide disputed issues of fact. Id. at 1119-20. If the Court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. Id.

**C.  ANALYSIS**

In the Complaint, Plaintiff alleges that on January 13, 2004, Defendants Alvidrez and Childers entered his cell and assaulted Plaintiff by hitting him with closed fist. Defendants Kirby, Mosley, and Hensley arrived seconds later, handcuffed Plaintiff, placed him in leg irons, and then began to kick him violently in the head and body. Defendants Kirby and Mosley pushed Plaintiff out of his cell and again hit him numerous times in the face. Plaintiff states he was given five stitches above his eye, a black eye, fractured jaw, broken foot, and multiple abrasions all over his body as a result of the attack.

Defendants argue they are entitled to dismissal of this action because Plaintiff failed to exhaust the administrative remedies. Defendants submit a Memorandum of Points and Authorities, and declarations from N. Grannis and A. Altnow. In the Memorandum of Points and Authorities, Defendants state that Plaintiff appealed to the second level of review. (Memorandum of Points and Authorities in Support of Defendants Motion to Dismiss [hereinafter "Memorandum"], p. 4). In Plaintiff's appeal, he requested an investigation into inappropriate and unprofessional behavior, abuse of authority, and excessive force for appropriate criminal charges to be filed against Alvidrez, Childers, Kirby, Mosley, and Hensley. (Id.) Defendants concede that the investigation request was partially granted at the second level of review on April 30, 2004, however, this was with regard to Plaintiff's request for an investigation. (Declaration of A. Altnow in Support of Defendants Motion to Dismiss, ¶ 4). Plaintiff was informed that he could appeal the decision to the next level. Id. However, Plaintiff did not appeal his excessive force claim to the third and final level of review as required by California

regulations." (Memorandum, p. 4-5). In support of Defendants' Motion to Dismiss, N. Grannis, Chief of the Inmate Appeals Branch at CDC, states in his declaration that there is no record Plaintiff submitted an appeal to the Director's level of review concerning his excessive force claim. (Declaration of N.Grannis in Support of Defendants Motion to Dismiss ¶ 4).

Although Plaintiff filed an Opposition, he does not contradict Defendants' allegation about his appeal being partially granted at the second level in his Opposition or his failure to appeal his excessive force claim to the next level. In fact, Plaintiff merely addresses his investigation request in his Opposition. The grant or denial of a request for investigation is not an issue in this case. Accordingly, based on the evidence before the Court, the Court finds Plaintiff has failed to exhaust the administrative remedies with regard to the claim of excessive force.

## D.  CONCLUSION

In accordance with the above, IT IS HEREBY RECOMMENDED that Defendants' Motion to Dismiss for Plaintiffs failure to exhaust the available administrative remedies be GRANTED and the case be DISMISSED in its entirety and without prejudice.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **THIRTY (30) DAYS** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the Objections shall be served and filed within **TEN (10) COURT DAYS** (plus three days if served by mail) after service of Objections. The Court will then review the Magistrates Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   July 18, 2006**              /s/ Sandra M. Snyder
icido3                         UNITED STATES MAGISTRATE JUDGE

4